IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| RYAN DELETTRE,<br><br>    Plaintiff,<br><br>    v.<br><br>ACE AMERICAN INSURANCE COMPANY,<br><br>    Defendant. | CIVIL ACTION NO.: 4:25-cv-001 |

**O R D E R**

Defendant ACE American Insurance Company ("ACE") removed this case from the State Court of Chatham County, Georgia.  (Doc. 1.)  Although Plaintiff has not yet appeared, this Court has an independent obligation to assure itself of its jurisdiction.  See, e.g., MSP Recovery, LLC v. Allstate Ins. Co., 835 F.3d 1351, 1357 (11th Cir. 2016) ("Federal courts have an independent obligation to ensure that subject-matter jurisdiction exists to hear a case. . . .").  Here, although Defendant ACE invokes the Court's diversity jurisdiction under 28 U.S.C. § 1332, it appears it has failed to adequately allege its own citizenship.  (Doc. 1, p. 2.)  The Notice of Removal merely states that "ACE is a foreign limited liability company organized and existing

under the laws of the State of Pennsylvania with its principal place of business in Pennsylvania." (Id.)

When federal jurisdiction is based upon diversity of citizenship, the party seeking to invoke the Court's jurisdiction has the burden to establish that jurisdiction exists with allegations that "must include the citizenship of each party, so that the court is satisfied that no plaintiff is a citizen of the same state as any defendant." Travaglio v. Am. Exp. Co., 735 F.3d 1266, 1268 (11th Cir. 2013); Wylie v. Red Bull N. Am., Inc., 627 F. App'x 755, 757 (11th Cir. 2015). While state of incorporation and principal place of business establish citizenship for corporations, the Eleventh Circuit Court of Appeals has held that "a limited liability company is a citizen of any state of which a member of the company is a citizen." Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004). To properly allege its citizenship, ACE must "list the citizenships of all the members of the limited liability company." Id. "[W]hen an entity is composed of multiple layers of constituent entities, the citizenship determination requires an exploration of the citizenship of the constituent entities as far down as necessary to unravel fully the citizenship of the entity before the court." Purchasing Power, LLC v. Bluestem Brands, Inc., 2015 WL 73980, at *5 (N.D. Ga. Jan. 6, 2015) (quotation omitted). "A negative allegation of citizenship—i.e., that no members of an LLC . . . are citizens of a particular state—is insufficient." Doc Watson Enters., LLC v. LexisNexis Claims Sols., Inc., 2017 WL 11627763, at *1 (N.D. Ga. Oct. 4, 2017) (citing Purchasing Power, LLC, 2015 WL 73980, at *5).

Defendant ACE's Notice of Removal is insufficient to carry its burden of demonstrating the citizenship of the parties. Therefore, the Court is unable to confirm that Plaintiff is not a citizen of the same state as Defendant. For that reason, Defendant ACE is **DIRECTED** to file an

amended Notice of Removal within **FOURTEEN (14) DAYS** of the date of this Order listing all members of the limited liability company and their citizenships.  Failure to do so will result in remand of this case for lack of subject-matter jurisdiction.

**SO ORDERED**, this 15th day of January, 2025.

_____
R. STAN BAKER, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA